**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re *Ex Parte* Application of CRC LIQUID STRATEGIES FUND, LP for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | Case No. 25 Misc. 264 (PAE) |

**~~PROPOSED~~ ORDER GRANTING APPLICANT'S SECOND *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE <u>DISCOVERY FOR USE IN FOREIGN PROCEEDINGS</u>**

This matter came before the Court on the Second Ex Parte Application of CRC Liquid Strategies Fund, LP ("**CRC-LSF**") for an order pursuant to 28 U.S.C. § 1782 authorizing the issuance of a subpoena to BBVA Securities, Inc. ("**BBVA Securities**") for the production of documents and other evidence for use in the legal proceedings described below. Préstamos Felices en 15 Minutos, S.A. de C.V., SOFOM, E.N.R. and its affiliated entities and principals (collectively, "**Préstamos Felices**") to defraud CRC-LSF and certain affiliated entities (collectively, "**CRC**") and wrongfully divert tens of millions of dollars for their own benefit and at the expense of CRC and other Préstamos Felices stakeholders.

The statutory requirements under Section 1782 have been met. The discretionary factors enumerated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) weigh in favor of granting the required assistance. Specifically, (1) the requested discovery is not obtainable through an order from the foreign court; (2) there is no indication that the Mexican court would not be receptive to U.S. federal court judicial assistance; (3) the Petition does not conceal an attempt to circumvent foreign proof gathering restrictions; and (4) the Petition seeks discovery that is not unduly intrusive or burdensome as the evidentiary requests are narrowly tailored, both substantively and temporally.

The Court, having considered the Application and supporting materials filed therewith, and good cause appearing, hereby **GRANTS** the Petition.

CRC-LSF is granted leave to serve the subpoenas attached as Exhibit 1 to the Second Declaration of Douglas E. Spelfogel, directing BBVA Securities to produce the documents requested under Federal Rule of Civil Procedure 45. Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

Additionally, CRC-LSF seeks permission to proceed *ex parte*. Courts regularly grant similar petitions *ex parte*. Thus, CRC-LSF's request to proceed without serving the Petition on Respondents is **GRANTED**.

If BBVA Securities or any party to the Mexican proceedings seeks to file a motion to quash or a motion for a protective order, they must do so fourteen (14) days from the date of service or notice.

Nothing in this Order should be construed to prevent or otherwise foreclose CRC-LSF from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

The Clerk of Court is ordered to terminate the motion at ECF No. _9_ and to close the case.

**SO ORDERED.**

Dated: July _2_, 2025

                                                  *Paul A. Engelmayer*
                                                  Hon. Paul A. Engelmayer
                                                  United States District Judge